In the Matter of 100 LAFAYETTE STREET, LTD., Doing Business as SANTOS PARTY HOUSE, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [961 NYS2d 382]—

Determination of respondent New York State Liquor Authority, dated August 31, 2011, which, after a hearing, inter alia, sustained four charges that petitioner permitted its premises to become disorderly in violation of Alcoholic Beverage Control Law § 106, and failed to exercise adequate supervision over the premises in violation of rule 54.2 of the Rules of the State Liquor Authority (9 NYCRR 48.2), and imposed a penalty of $10,000, unanimously modified, on the law, the determination vacated insofar as it sustained charges 2 and 4, the matter remanded to respondent for reassessment of the penalty, and the CPLR article 78 proceeding (transferred to this Court by order of the Supreme Court, New York County [Geoffrey D.S. Wright, J.], entered April 6, 2011) granted, otherwise disposed of by confirming the remainder of the determination, without costs.

We find that respondent's conclusion that petitioner suffered or permitted the possession, use, or sale of drugs by nightclub patrons alleged in charges 2 and 4 was not supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). "[C]onduct is not 'suffered or permitted' unless ' "the licensee or his manager knew or should have known" ' of the asserted disorderly condition on the premises and tolerated its existence" (*Matter of Playboy Club of N.Y. v State Liq. Auth. of State of N.Y.*, 23 NY2d 544, 550 [1969] [citation omitted]).

However, we find that substantial evidence supported the other two sustained charges, which related to an assault on two club patrons by a security guard.

In light of the foregoing, we remand for the imposition of an appropriate penalty. Concur—Mazzarelli, J.P., Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.